## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Willis Evans, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:25-1535-RMG |
| vs. ) | |
| ) | |
| Frank Bisignano, Commissioner of ) | |
| Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on October 23, 2025, recommending that the Commissioner's decision be affirmed. (Dkt. No. 14). Plaintiff filed multiple well reasoned objections to the R & R (Dkt. No. 19). The Commissioner has advised the Court that he does not intend to file a response to Plaintiff's objections. For the reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter to the agency for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

-1-

is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Plaintiff's claim is subject to the provisions of 20 C.F.R. § 404.1520c, which became effective for cases filed after March 27, 2017 and involves the standards for evaluation of medical opinions.  Under this revised regulation, the two most critical factors for weighing medical opinions are the supportability and consistency of the expert opinions.  Lesser importance is given to such factors as relationship with the claimant, length of treatment

relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, the examining relationship, and specialization. § 404.1520c(c)(1)-(5).

## Discussion

Plaintiff, a military veteran, reported a long history of back pain and migraine headaches related to his prior military service and which has worsened in recent years. Plaintiff filed an application for DIB on January 4, 2022 with an onset date of January 15, 2020. Plaintiff asserts that his preexisting back and migraine conditions were exacerbated by a work related injury he suffered restraining a patient while working as a security guard at a hospital. (Dkt. No. 4-2 at 45-47).

Plaintiff receives his medical care at the V.A. Following his work-related injury, Plaintiff received medication, injections, and physical therapy for his chronic back pain. A Physical Medicine Rehabilitation Note from the V.A. dated September 22, 2020, documented his current pain as a 6 on a 10 point scale and worst at 8 out of 10. He was also documented in the same record to have "very intense pain, difficult to think, sleep, and hard to function" when bending, standing, or walking. (Dkt. No. 4-7 at 297-98). In a May 14, 2021, pain clinic visit, Plaintiff reported average daily pain of 5-6 on a 10 point scale which at times worsened to 8-9 out of 10. (Dkt. No. 4-7 at 239).

Plaintiff was examined by a consulting orthopaedist for the Social Security Administration, Dr. Allison Hamada, on July 22, 2023. Dr. Hamada, after conducting a physical examination of Plaintiff and reviewing a recently performed MRI, noted a disc bulge at L4-5 and neuroforaminal narrowing at L5-S1 and concluded that "[d]iscogenic pain was being suspected." (*Id*. at 473-74). Dr. Hamada diagnosed Plaintiff with "[c]hronic low back pain and radiculopathy

type leg pain," "lumbar degenerative disc disease," and "lumbar facet arthropathy." Due to these significant spinal abnormalities, Dr. Hamada recommended "[m]oderate limitations in prolonged standing and walking" and "frequent breaks for positional changes while sitting and standing-walking." (*Id*. at 476-77).

Plaintiff also reported worsening migraine headaches. He was prescribed Imitrex, a potent medication for acute onset of migraine headaches that is known to cause somnolence in some patients. Imitrex Package Insert at 20 (GlaxoSmithKline 2020). Plaintiff reported migraine headaches up to four times a week that are "relieved with Imitrex, but that medicine knocks [him] out." (*Id*. at 201). In her consulting examination for the Social Security Administration, Dr. Hamada diagnosed Plaintiff with "chronic headaches–tension type and migraines" and noted that Plaintiff found relief "lying down in a dark and quiet room," but the Imitrex "makes him sleepy." (*Id.* at 473, 474). Dr. Hamada concluded that Plaintiff has "frequent and severe headaches" that "would be expected to prevent function at work frequently." (*Id*. at 477).[1]

Following an administrative hearing before an Administrative Law Judge (ALJ), Plaintiff was found to have numerous severe impairments, including migraine headaches and lumbar degenerative disease with spondylosis and radiculopathy. Despite these severe impairments, the ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to perform less than the full scope of light work. Light work under Social Security regulations generally requires "a good deal of walking or standing." 20 C.F.R. 404.1567(b). As a result of this finding, Plaintiff was

---

[1] According to the testimony of the Vocational Expert who testified at Plaintiff's administrative hearing, if an employee was off task for greater than 10% of the workday he would not be able to maintain employment in the national economy and would thus be disabled under the Social Security Act. (Dkt. No. 4-2 at 66).

determined by the ALJ not to be disabled under the Social Security Act.

The ALJ substantially rejected the testimony of Plaintiff regarding his chronic back and migraine related pain by finding that Plaintiff did not "regularly report[] to providers" that he was having migraine headaches and back pain. *See, e.g.*, (Dkt. No. 4-2 at 32). In fact, a review of Plaintiff's quite extensive VA medical record contains numerous entries relating to Plaintiff's frequent complaints of chronic back pain. (Dkt. No. 4-7 at 143, 161, 166, 184, 188, 239, 261-2, 281, 297-98, 343, 347, 359-60). The VA medical record also contains numerous entries relating to Plaintiff's difficulties with his frequent migraine headaches. (*Id*. at 138, 154, 184, 188, 191, 201, 206, 359).

Further, the ALJ rejected the opinions of the Social Security Administration's own consulting examining physician, Dr. Hamada (repeatedly misspelled by the ALJ as Dr. Hamado). Among the reasons Dr. Hamada's opinions on Plaintiff's chronic back pain were rejected by the ALJ included that Plaintiff had not "been observed in acute distress in clinic" and his gait was not consistently abnormal. (Dkt. No. 4-2 at 32). The ALJ rejected Dr. Hamada's opinions regarding the impact of Plaintiff's frequent migraine headaches on job performance because she did not "articulate any vocationally relevant limitations which claimant would have on a frequent basis due to headaches." (*Id.*). To the contrary, Dr. Hamada stated in her consulting examination report that Plaintiff's chronic migraine headaches "would be expected to prevent functioning at work frequently," an obvious conclusion based on the fact that with the onset of a migraine headache she found that the claimant would need to lay down in a "dark and quiet room . . . to relieve the pain." (Dkt. No. 4-7 at 474).

Under the revised regulations for the evaluation of medical opinions, the critical issues

are supportability and consistency. The record before the Court very clearly supports Dr. Hamada's findings and conclusions and are consistent with Plaintiff's testimony and the VA medical record. The conclusion of the ALJ that the Plaintiff's medical record does not sufficiently document his chronic back and frequent migraine headache pain is not supported by substantial evidence. The Commissioner's decision not to submit a reply to Plaintiff's well reasoned objections to the R & R is, in the Court's view, a tacit acknowledgment of the merit of Plaintiff's arguments on appeal. On remand, the Commissioner is directed to consider the entirety of Plaintiff's objections to the ALJ's overturned decision and to provide a fair and reasoned evaluation of the consulting examination report of Dr. Hamada.

## Conclusion

Based upon the full record in this matter, the decision of the ALJ, and the controlling legal standards, the Court **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) and **REMANDS** the matter to the agency for further proceedings consistent with this order.

**AND IT IS SO ORDERED.**

> s/ Richard M. Gergel
> Richard Mark Gergel
> United States District Judge

Charleston, South Carolina
December 9, 2025